Richard E. Levine (SB #88729)
LEVINE & BAKER LLP
One Maritime Plaza, Suite 400
San Francisco, CA 94111
Telephone: (415) 391-8177
Facsimile: (415) 391-8488
rlevine@levinebakerlaw.com

Joseph V. Norvell (*pro hac vice*)
Joseph T. Kucala (*pro hac vice*)
Jay M. Burgett (*pro hac vice*)
NORVELL IP LLC
1776 Ash Street
Northfield, IL 60093
Telephone: (630) 453-8380
Facsimile: (312) 268-5063
jkucala@norvellip.com

Attorneys for Plaintiffs
ROBERT TRENT JONES II, INC.
ROBERT TRENT JONES LICENSING GROUP, LLC

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT TRENT JONES II, INC. and ROBERT TRENT JONES LICENSING GROUP, LLC<br><br>Plaintiffs,<br><br>v.<br><br>GFSI, INC. d/b/a GEAR FOR SPORTS, INC.<br><br>Defendant. | Case No. C 07-4913 SC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: January __, 2008<br>Time: _____<br>Judge: Samuel Conti<br>Courtroom _____ |

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

1

Pursuant to the Court's Order dated September 21, 2007, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this case.

**1. JURISDICTION AND SERVICE:**

Plaintiffs', Robert Trent Jones II, Inc. ("RTJ2, Inc.") and Robert Trent Jones Licensing Group, LLC ("RTJ Licensing") (collectively "Plaintiffs"), claims arise under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c); California Business and Professions Code §§ 14330 et seq. and 17200 et seq.; common law of trademark infringement, trademark dilution and unfair competition; and California law regarding breach of contract and fraudulent and negligent misrepresentation.

This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and 15 U.S.C. § 1121. The Court also has original and supplemental jurisdiction over Plaintiffs' state or common law claims pursuant to 28 U.S.C. §§ 1367 and 1338(b). Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) & (c). Defendant GFSI, Inc. d/b/a Gear for Sports, Inc. ("Defendant") does not contest jurisdiction and venue.

There are no parties that remain to be served.

**2. FACTS:**

a. **Brief Chronology of the facts:**

Plaintiff RTJ2, Inc. owns and is using the ROBERT TRENT JONES trademarks and service marks as well as the rights of publicity of the golf course architect Robert Trent Jones, Jr. Plaintiff RTJ2, Inc. granted a license of certain of these rights to RTJ Licensing. In 2004, Defendant and RTJ Licensing executed a License Agreement regarding the manufacture and sale

of ROBERT TRENT JONES branded golf apparel. The License Agreement commenced on May 1, 2005 and expires on April 20, 2015 and licenses certain intellectual property, namely certain U.S. trademark registrations for the mark ROBERT TRENT JONES and the Robert Trent Jones, Jr.'s rights of publicity (collectively, "Licensed Rights"), to Defendant on an exclusive basis for use in connection with the manufacture, display, sale, marketing, distribution and/or reproduction of specific golf apparel ("Licensed Products") in exchange for specified royalties. The License Agreement specified certain obligations and restrictions for the parties.

Plaintiffs contend that this action was filed as a result of certain actions or inactions of Defendant in breach of the License Agreement. Defendant stated to RTJ Licensing in June 2007 that it no longer desired to pursue the licensing relationship, despite a ten-year term in the License Agreement. Defendant also stated that it would not produce a new 2008 line of apparel. Plaintiffs now claim a number of other breaches of the License Agreement and they initiated this action to address the parties' dispute.

Defendant contends it has abided by the License Agreement and that Plaintiffs' claims are a meritless attempt to renegotiate the terms of the License Agreement.

**b. Principal factual issues which the parties dispute:**

The factual issues set forth below are not meant to be final or exhaustive, and the parties reserve the right to reformulate these issues or include other appropriate issues as they develop or become known to the parties through the course of discovery and investigation. Furthermore, the characterization of an issue as "factual" or "legal" is not necessarily a concession that it is not the other or both.

1. Whether or not Defendant sold Licensed Products to discount stores.

2. Whether or not Defendant sold damaged, defective, seconds, or product that is otherwise substandard bearing the Licensed Rights.

3. Whether or not Defendant sold "private label" apparel that is identical to Licensed Products.

4. Whether or not Defendant complied with its royalty obligations under the License Agreement.

5. Whether or not Defendant sold Licensed Products beyond the Licensed Territory.

6. Whether or not Defendant provided RTJ Licensing with samples, labeling and packaging for 2007 for RTJ Licensing's quality review and approval.

7. Whether or not Defendant provided information required under the License Agreement to RTJ Licensing substantiating Defendant's investment in the ROBERT TRENT JONES brand.

8. Whether or not Defendant submitted the required Marketing, Distribution, Financial and Quality Plans under the License Agreement.

9. Whether or not Defendant used Licensed Products and advertising and marketing materials for Licensed Products that are not approved by RTJ Licensing.

10. Whether or not Defendant complied with its obligations under the License Agreement in executing an agreement with UnderArmour.

11. Whether or not Defendant complied with its obligations regarding an audit conducted by RTJ Licensing.

12. Whether or not Defendant permitted the inclusion of names of other entities with the Licensed Rights in advertising, promotional and other material.

13. Whether or not Defendant is displaying, selling, marketing, distributing, and advertising other products in conjunction and association with Licensed Products.

14. Whether or not Plaintiffs have suffered any damages as a result of any claimed improper conduct by Defendant, and, if so, the amount of any such damages.

15. Defendant suggests that whether the Licensed Rights had or have the value represented by Plaintiffs at the time the License Agreement was negotiated and signed. Plaintiffs do not agree that there is any such issue in the case; certainly the pleadings do not suggest any such issue.

## 3. LEGAL ISSUES:

The principal legal issues in dispute are set forth below. These legal issues are not meant to be final or exhaustive, and the parties reserve the right to reformulate these issues or include other appropriate issues as they develop or become known to the parties through the course of discovery and investigation. Furthermore, the characterization of an issue as "factual" or "legal" is not necessarily a concession that it is not the other or both.

1. Whether or not Defendant acted in bad faith and breached its duty of good faith and fair dealing.

2. Whether or not Defendant's conduct, actions or inactions constituted fraudulent misrepresentation.

3. Whether or not Defendant's conduct, actions or inactions constituted negligent misrepresentation.

4. Whether or not the License Agreement prohibits the sale of Licensed Products to discount stores.

5. Whether or not the above-stated Defendant's actions or inactions constituted a breach of its obligations under the License Agreement.

6. Whether or not Defendant's conduct, actions or inactions constituted trademark infringement.

7. Whether or not Defendant's conduct, actions or inactions constituted trademark dilution.

8. Whether or not Defendant's conduct, actions or inactions constituted unfair competition.

9. Whether or not any claimed breaches by Defendant were intentional and/or willful.

10. Whether or not any claimed trademark infringement and/or trademark dilution by Defendant was willful.

11. Whether or not Plaintiffs are entitled to damages under the Lanham Act (15 U.S.C. § 1117(c)); California state law; common law of trademark infringement, trademark dilution and/or unfair competition; and/or their breach of contract claims and misrepresentation claims.

12. Whether or not Plaintiffs are entitled to treble damages under 15 U.S.C. § 1117(b) and punitive damages.

13. Whether or not Plaintiffs are entitled to recovery of their attorneys' fees and costs under 15 U.S.C. §§ 1117(a) & (b).

14. Whether or not Plaintiffs are entitled to recovery of their attorneys' fees and costs under the License Agreement.

15. Whether or not Plaintiffs are entitled to injunctive relief under 15 U.S.C. § 1116, common law, and California law.

16. Whether or not Defendant is entitled to recovery of its attorneys' fees and costs under the License Agreement or applicable law. Plaintiffs contend that Defendant has not sought recovery of its attorneys' fees under the License Agreement or applicable law in the current pleadings.

### 4. MOTIONS:

**a. Pending Motions**:

Plaintiffs filed a Motion for Preliminary Injunction on December 3, 2007. The Motion seeks to enjoin Defendant from selling or distributing Licensed Products to discount stores and to enjoin Defendant from selling, displaying or distributing Licensed Products that are damaged, defective, seconds, or otherwise substandard product. This Motion is pending and a hearing on the Motion is currently scheduled for January 25, 2008.

**b. Anticipated Motions**:

Plaintiffs and Defendant anticipate filing a motion for summary judgment after sufficient discovery has been conducted. The parties also reserve the right to file appropriate motions in the event discovery or other activity in the case warrants such a filing.

### 5. AMENDMENT OF PLEADINGS:

The parties have not conducted any discovery in this matter; however, Plaintiffs may add a party to this action or amend their pleadings after taking such discovery. Defendant may also add a party and counter or cross claims after taking discovery. The parties request the right to amend the pleadings and/or add parties and propose a deadline of March 17, 2008 to do so.

## 6. EVIDENCE PRESERVATION:

Plaintiffs have taken steps, including the placement of a litigation hold for documents, including electronically stored information, to preserve evidence relevant to the issues reasonably evident in this action.

Defendant has taken steps, including the placement of a litigation hold for documents, including electronically stored information, to preserve evidence relevant to the issues reasonably evident in this action.

## 7. DISCLOSURES:

The parties agree that they will make initial disclosures in compliance with the Court's Order Setting Initial Case Management Conference and ADR Deadlines filed on September 21, 2007.

## 8. DISCOVERY:

### a. Discovery

An initial round of written discovery was served upon Defendant by Plaintiffs following the Rule 26(f) Conference. Responses are not yet due at the time of this submission. The parties anticipate several rounds of written discovery, including document requests, interrogatories and requests for admission, and depositions. The parties have meet and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and have agree to abide by the discovery limitations set forth in the FRCP. The parties agree to exchange discovery in Adobe Acrobat **pdf** format, with the option for the receiving party to request other formats on a case-by-case basis. Also, the parties are negotiating a stipulated protective order regarding the handling of confidential documents and information to be disclosed in the litigation.

b. **Inadvertent disclosure:**

The parties have agreed that if document or information, including electronically stored information, is inadvertently produced that is subject to the attorney-client privilege, work product doctrine, and/or other claim of protection, then Rule 26(b)(5) of the Federal Rules of Civil Procedure will govern the handling of such documents or information, including possible presentment to the Court for determination of whether or not privilege or protection exists, if the parties dispute such claim of privilege or protection. If privilege or protection exists, then any such production will not constitute a waiver of the privilege.

**9. CLASS ACTION:**

This is not a class action.

**10. RELATED CASES:**

There are no related cases.

**11. RELIEF SOUGHT:**

a. **Relief Sought by Plaintiffs:**

Plaintiffs seek both injunctive relief and monetary damages. Plaintiffs seek monetary damages by reason of Defendant's trademark infringement, unfair competition, trademark dilution, breach of contract and misrepresentation claims as set forth in their Complaint. Plaintiffs reserve the right to modify the below computations after they have been afforded time to conduct discovery. Plaintiffs specifically seek:

1. Damages in the amount of $1,739,258.45 (the present value of guaranteed future royalty payments under the License Agreement discounted for inflation).

2. Defendant's profits from the sale of products in breach of the License Agreement.

3. The dollar value of damage to the goodwill associated with the famous Robert Trent Jones trademarks and service marks as a result of Defendant's actions or inactions.

4. All royalty deficiencies including interest pursuant to the License Agreement.

5. The costs associated with an audit conducted by RTJ Licensing.

6. The present value of a stand-alone Robert Trent Jones apparel company at the end of the ten-year License Agreement.

7. An award of treble damages pursuant to 15 U.S.C. § 1117(b) and punitive or exemplary damages.

8. Recovery of attorneys' fees, out of pocket expenses and costs pursuant to 15 U.S.C. §§ 1117 (a) & (b) and the terms of the License Agreement between the Parties.

Plaintiffs also seek injunctive relief and recently filed a motion for preliminary injunction. The injunction will apply to Defendant, any business entity owned or controlled by Defendant, and their officers, directors, shareholders, agents, servants, employees, subcontractors, partners, licensees, subsidiaries, affiliates and related companies and entities, representatives, attorneys and other persons or entities acting in concert or participation with any of them and seeks:

1. To enjoin the sale and distribution of Licensed Products to discount stores.

2. To enjoin the sale, display and distribution of Licensed Products that are damaged, defective, seconds or product that is otherwise substandard to any reseller.

3. Plaintiffs also seek to have Defendant provide a copy of the Injunction to "all discount stores to which Defendant has sold Licensed Products and issue a stop sale request," requesting that the discount stores comply with this order and cease all sales of Licensed Products until this action is resolved or final judgment is entered by the Court.

**b. Relief Sought by Defendant:**

Defendant seeks its attorneys' fees and costs pursuant to the License Agreement and applicable law.

## 12. SETTLEMENT AND ADR:

Plaintiffs contend that they have made extensive efforts to settle this matter and have been unable to do so due to Defendant's failure to make a reasonable monetary offer. The Parties are amenable to either mediation or a settlement conference by the Judge. The Parties have filed a Stipulation to ADR Process selecting mediation; however, the parties would like to conduct a mediation or settlement conference before a magistrate judge. Plaintiffs further contend that they will be in a better position to negotiate settlement after they have taken limited discovery regarding the extent of Defendant's breaches and conduct.

Defendant contends it has made reasonable offers of settlement but that Plaintiffs' demands are unreasonable and unrealistic. Defendant expects discovery will not likely bring the parties closer to any settlement but Defendant will aggressively defend itself and investigate its own remedies to this unsuccessful business relationship.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:

On December 7, 2007, Plaintiffs filed a Declination to Proceed Before Magistrate Judge and Request for Reassignment To a United States District Judge.

## 14. OTHER REFERENCES:

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. NARROWING OF ISSUES:

There are no issues that can be narrowed at this time; however, the parties will endeavor to do so throughout the discovery and litigation process.

### 16. EXPEDITED SCHEDULE:

Plaintiffs do not believe that this type of case can be handled on an expedited basis with streamlined procedures.

### 17. SCHEDULING:

The parties propose the following discovery and court dates:

| | |
|---|---|
| Deadline to Add Parties: | March 17, 2008 |
| Deadline to Amend Pleadings: | March 17, 2008 |
| Fact Discovery Cutoff: | June 20, 2008 |
| Expert Disclosures & Reports: | July 10, 2008 |
| Rebuttal Expert Disclosures & Reports: | July 31, 2008 |
| Expert Discovery Cutoff: | August 21, 2008 |
| Hearing of Dispositive Motions: | October 14, 2008 |
| Final Pretrial Conference Date: | November 24, 2008 |
| Trial Date: | December 8, 2008 |

### 18. TRIAL:

Plaintiffs have demanded a jury trial. The parties expect that the trial will last four to five court days.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:

Pursuant to Civil L.R. 3-16, Plaintiffs certify that as of this date, other than the named parties, there is no such interest to report. Pursuant to Civil L.R. 3-16, Defendant certifies that as of this date, other than the named party, there is no such interest to report.

### 20. OTHER MATTERS:

The parties are not aware of any other matters.

Dated: January 2, 2008

Respectfully submitted,

*[signature]*

Richard E. Levine
LEVINE & BAKER LLP
One Maritime Plaza, Suite 400
San Francisco, CA 94111
rlevine@levinebakerlaw.com

Joseph V. Norvell (*pro hac vice*)
Joseph T. Kucala (*pro hac vice*)
Jay M. Burgett (*pro hac vice*)
Norvell IP llc
1776 Ash Street
Northfield, Illinois 60093
Telephone:   (630) 453-8380
Facsimile:   (312) 268-5063
jkucala@norvellip.com

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

13

ATTORNEYS FOR PLAINTIFFS

ROBERT TRENT JONES II, INC.
ROBERT TRENT JONES LICENSING GROUP, LLC

Dated: January 2, 2008        /s/Tarun Mehta
                              Jennifer A. Jackson
                              BRYAN CAVE LLP
                              120 Broadway, Suite 300
                              Santa Monica, CA 90401-2386
                              jjackson@bryancave.com

                              Robert J. Hoffman (*pro hac vice pending*)
                              Tarun Mehta (*pro hac vice pending*)
                              BRYAN CAVE LLP
                              One Kansas City Place
                              1200 Main Street, Suite 3500
                              Kansas City, Missouri 64105-2100
                              rjhoffman@bryancave.com
                              tarun.mehta@bryancave.com

ATTORNEYS FOR DFEFENDANT

GFSI, INC. d/b/a GEAR FOR SPORTS, INC.

PURSUANT TO STIPUATION, IT IS SO ORDERED

Dated: _____        _____
                              Hon. Samuel Conti
                              United States District Judge