# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ROBERT TRENT JONES II, INC., and ROBERT TRENT JONES LICENSING GROUP, LLC<br><br>Plaintiffs,<br><br>v.<br><br><br><br>GFSI, INC. d/b/a GEAR FOR SPORTS, INC.<br><br>Defendants. | Civil Action No. 07-4913<br><br><br><br><br>DECLARATION OF LARRY GRAVEEL IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF |

## DECLARATION OF LARRY GRAVEEL

1. My name is Larry Graveel. I have personal knowledge of the matters stated in this declaration. I am over the age of 18 and am competent to testify to the matters stated herein and, if called to testify at trial or hearing, I would testify to the facts in this Declaration.

2. I am the President of GFSI, Inc., a company that does business as "Gear For Sports, Inc." ("GFSI"). I have been the President of this company since before 2004.

3. GFSI is a Delaware corporation with its principal place of business in Lenexa, Kansas.

4. GFSI is in the business of designing, manufacturing and distributing sportswear and other apparel.

5. From July through September, 2004, GFSI negotiated with Robert Trent Jones II, Inc., and the Robert Trent Jones Licensing Group, LLC, for the purpose of developing a business relationship whereby GFSI would utilize certain marks in connection with a golf clothing line that GFSI was planning to design, manufacture and distribute.

6. On September 22, 2004, GFSI and Robert Trent Jones II Licensing Group, LLC, entered into a Licensing Agreement.

7. Since 2005, GFSI has designed, manufactured, and distributed men's sportswear and related apparel utilizing the marks that were licensed to GFSI under the Licensing

Agreement. The brand, however, has not been as successful as we had hoped it would be at the outset of the relationship.

8. In the spring and summer of 2007 I had numerous discussions with representatives of RTJ2 regarding the lack of success of the brand, and possible business solutions to the situation. Among other things, I met with Robert Trent Jones II and his attorneys in both Lenexa, Kansas and in San Francisco for the purpose of attempting to work out an agreed resolution to the declining business situation.

9. During GFSI's discussions with RTJ2 in the summer of 2007, RTJ2 expressed concern that some sales records showed distribution of the RTJ apparel into stores that RTJ2 viewed as "discounters." I told RTJ2 at that time that the RTJ apparel in "off-price" stores [TJ Maxx, Stein Mart and Sym's Corporation] in significant quantities over time would not be a good strategy for either RTJ2 or GFSI and that GFSI did not intend to pursue that strategy. I had a dispute with RTJ2 regarding the right of GFSI to sell to "off-price" stores such as Stein Mart, as these stores are not "discount stores" within the meaning of the License Agreement. However, to accommodate RTJ2's request, we ceased selling to these alleged "discount stores" when RTJ2 raised concerns.

10. I have reviewed the Notice of Motion and Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction, along with the declarations filed in support of that Motion. My understanding is that RTJ2 is currently concerned about distribution of RTJ apparel to the following retailers: 1) Stein Mart; 2) Neiman Marcus Last Call; 3) Gabriel Brothers; 4) Syms Corporation; 5) Hockabees, and; 6) The Golf Warehouse. These are the only retailers mentioned by name in the supporting documents filed by RTJ2.

11. I have reviewed the sales data for GFSI's distribution of RTJ apparel to the retailers listed in the supporting papers filed by RTJ2. Spreadsheets that accurately show that data are attached to this Declaration as Exhibit A.

12. GFSI has not made any sales of RTJ Apparel or otherwise distributed any RTJ Apparel to Stein Mart since September of 2006—more than a year ago.

13. GFSI has not made any sales of RTJ Apparel or otherwise distributed any RTJ Apparel to Neiman Marcus Last Call ("Neiman Marcus LC") at any time since the product sold to this customer had all RTJ Marks removed from it prior to shipping it to them, and has not shipped any products to NMLC with any labels since September of 2006—more than a year ago. Corporate representatives at Neiman Marcus LC have explained to us that they will not purchase RTJ apparel because Neiman Marcus LC has a policy precluding of selling items that Neiman Marcus itself would not sell.

14. GFSI has not made any sales of RTJ Apparel or otherwise distributed any RTJ Apparel to Syms Corporation since October of 2006—more than a year ago.

15. GFSI has not made any sales of RTJ Apparel or otherwise distributed any RTJ Apparel to Gabriel Brothers in at least the last 10 months without first removing all tags and identifying labels identifying the items as RTJ Apparel. All clothes sold to Gabriel Brothers were of clothing that was either defective, damaged, returned, odd lots, or seconds.

16. In the past 12 months only two shipments were sold to Hockabees, totaling $812.50 in sales. These small sales were not part of a strategy or plan of targeted distribution to Hockabees, but were the result of errors by sales staff in filling requests made by the customer. Hockabees contacted GFSI regarding these two items, and they were sold to them in error.

17. GFSI has made some sales of RTJ Apparel and has distributed RTJ Apparel to The Golf Warehouse. GFSI classifies The Golf Warehouse as a "Golf Specialty Store" because GFSI believes The Golf Warehouse is properly considered a Golf Specialty Store, not a "discount" or "Secondary-Market" store.

18. No other items have been sold bearing the RTJ marks to stores that RTJ2 claims are "discount stores" within the past 12 months.

19. If GFSI is restrained from selling RTJ Apparel to Golf Stores like The Golf Warehouse—whether they sometimes sell their product line to their customers at reduced prices or not—GFSI's ability to market and sell its existing inventory of RTJ Apparel will be seriously impaired.

20. GFSI does not sell damaged, defective or seconds bearing the RTJ marks to any stores without first removing the identifying marks.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 31st day of December, 2007, in Lenexa, Kansas.

_____
Larry Graveel

RTJ Sales with Credit Memos

| Customer Type | Cust # | Customer | Invoice Date | Net Sales |
|---|---|---|---|---|
| Golf | 20563 | STEIN MART INCORPORATED  GF | 20-Jun-2006 | $6,801.00 |
| | 20563 | | 21-Jun-2006 | $18,717.00 |
| | 20563 | | 22-Jun-2006 | $6,117.00 |
| | 20563 | | 23-Jun-2006 | $666.00 |
| | 20563 | | 26-Jun-2006 | $1,962.00 |
| | 20563 | | 27-Jun-2006 | $1,740.00 |
| | 20563 | | 29-Jun-2006 | $420.00 |
| | 20563 | | 01-Jul-2006 | $504.00 |
| | 20563 | | 06-Jul-2006 | $504.00 |
| | 20563 | | 25-Sep-2006 | $18,147.00 |
| | 20563 | | 26-Sep-2006 | $2,106.00 |
| | 20563 | | 27-Sep-2006 | $24,294.00 |
| | 20563 | | 28-Sep-2006 | $32,901.00 |
| | 20563 | | 29-Sep-2006 | $20,346.00 |
| | 20563 | | 30-Sep-2006 | $2,265.00 |
| | | | | Sum: $137,490.00 |

RTJ Sales with Credit Memos

| Customer Type | Cust # | Customer | Invoice Date | Net Sales |
|---|---|---|---|---|
| Golf | 21589 | NEIMAN MARCUS  GF | 20-Sep-2006 | $5,724.00 |
| | 21589 | | 23-Sep-2006 | $47,451.99 |
| | 21589 | | | Sum: $53,175.99 |

RTJ Sales with Credit Memos

| Customer Type | Cust # | Customer | Invoice Date | Net Sales |
|---|---|---|---|---|
| Secondary Markets | 10324 | SYMS CORPORATION | 19-Oct-2006 | $6,412.00 |
| | 10324 | | 25-Oct-2006 | $8,145.00 |
| | 10324 | | 27-Oct-2006 | $43,388.00 |
| | | | | Sum: $57,945.00 |

SALES BY CUSTOMER for GABRIEL BROTHERS

| Lob Number | Customer Type | Cust # | Customer | Invoice Date | Net Sales |
|---|---|---|---|---|---|
| 85 | Secondary Markets | 10695 | GABRIEL BROTHERS | 23-Feb-2007 | $20,672.00 |
| | | 10695 | GABRIEL BROTHERS | 12-Jun-2007 | $3,861.00 |
| | | 10695 | GABRIEL BROTHERS | 13-Jun-2007 | $4,221.00 |
| | | 10695 | GABRIEL BROTHERS | 28-Sep-2007 | $6,372.00 |
| | | | | | Sum: $35,126.00 |
| | | | | | Sum: $35,126.00 |
| | | | | | Sum: $35,126.00 |

RTJ Sales with Credit Memos

| Customer Type | Cust # | Customer | Invoice Date | Net Sales |
|---|---|---|---|---|
| Secondary Markets | 17336 | HOCKABEES | 25-May-2007 | $582.50 |
| | 17336 | | 23-Oct-2007 | $230.00 |
| | | | | Sum: $812.50 |

RTJ Sales with Credit Memos

| Customer Type | Cust # | Customer | Invoice Date | Net Sales |
|---|---|---|---|---|
| Golf | 22263 | THE GOLF WAREHOUSE LLC | 05-May-2006 | $341.00 |
| | 22263 | | 16-May-2006 | $18,972.00 |
| | 22263 | | 17-Aug-2006 | $11,440.00 |
| | 22263 | | 01-Nov-2006 | $19,844.00 |
| | 22263 | | 22-Jan-2007 | $260.00 |
| | 22263 | | 14-Feb-2007 | $18,360.00 |
| | 22263 | | 08-Jun-2007 | $325.00 |
| | 22263 | | 19-Jun-2007 | $14,201.00 |
| | 22263 | | 22-Jun-2007 | $8,179.00 |
| | 22263 | | 31-Aug-2007 | $4,620.00 |
| | 22263 | | 12-Sep-2007 | $216.00 |
| | 22263 | | 18-Sep-2007 | $21,542.00 |
| | | | | Sum: $118,300.00 |