IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT TRENT JONES II, INC. and ROBERT TRENT JONES LICENSING GROUP, LLC<br><br>Plaintiffs,<br><br>v.<br><br>GFSI, INC. d/b/a GEAR FOR SPORTS, INC.<br><br>Defendant. | Case No. 07-CV-04913 SC<br><br>**SUPPLEMENTAL DECLARATION OF THOMAS B. ZETLMEISL IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: January 25, 2008<br>Time: 10:00 a.m.<br>Judge Samuel Conti |

**Supplemental Declaration of Mr. Thomas B. Zetlmeisl**

1. On November 27, 2007, I executed a declaration, under penalty of perjury, in support of Plaintiffs' Motion for Preliminary Injunction ("November 27 Declaration"). I now provide this supplemental declaration. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth herein.

2. On August 28 and 29 of 2007, I accompanied Mr. Jay Burgett, an attorney at the law firm of Norvell IP llc, to GFSI, Inc. d/b/a Gear for Sports, Inc.'s ("GFSI") corporate headquarters located at 9700 Commerce Parkway, Lenexa, Kansas 66219. The purpose of this visit was to review GFSI's financial information as it relates to golf apparel bearing the Robert Trent Jones trademarks ("RTJ Apparel").

3. During the two day review, Mr. Burgett and I visited the Gear For Sports Store ("Outlet Store") located at 9550 Lackman Road, Lenexa, Kansas 66219. The Outlet Store was selling RTJ Apparel (branded with the Robert Trent Jones trademarks) at discount prices.

4. Exhibit 6 attached to my November 27 Declaration includes a detailed summary of GFSI's net sales of RTJ Apparel, based on the financial data provided by GFSI for the

period May 1, 2005 to July 31, 2007. As demonstrated by this summary, GFSI classifies the Outlet Store (labeled as "GEAR FOR SPORTS STORE" in GFSI's accounting system) as a Secondary Market. The summary also shows sales of product to the Outlet Store during the May-July 2007 sales quarter. The data reflects $2,287.48 of total net sales to the Outlet Store during that period.

5. An employee at the Outlet Store informed us that GFSI holds a sale every Wednesday afternoon at its corporate headquarters for its employees and the public ("Dock Sale"). The fact that the Dock Sale is open to employees and the public was subsequently verified by Mr. Dan Meadows, Director of Accounting / Controller for GFSI.

6. Mr. Meadows explained that the Dock Sale is comprised of the product stored in the temporary storage bins referenced in my November 27 Declaration. The employees and the public may purchase the product placed in the storage bins directly at discounted prices. As Mr. Burgett and I were looking through the product in the storage bins, Mr. Meadows asked us if we would like to purchase any of the product.

7. Exhibit 6 attached to my November 27 Declaration includes a detailed summary of GFSI's net sales of RTJ Apparel, based on the financial data provided by GFSI for the period May 1, 2005 to July 31, 2007. This summary shows sales of product to TJ Maxx during the February-April 2007 sales quarter. The data reflects $22,180 of total net sales to TJ Maxx during that period.

8. As of the date of this declaration, GFSI has provided only a portion of the financial data that Mr. Burgett and I requested during the two day visit. Moreover, the limited financial data that GFSI did provide does not include any sales information after July 31, 2007.

9. During the two day review, Mr. Burgett and I had several discussions with Messrs. Meadows and Olson relating to the sale of RTJ Apparel to discount stores. At no time during the two day visit was I informed that GFSI had ceased sales to discount stores.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of January, 2008, in St. Louis, Missouri.

_____
Thomas B. Zetlmeisl