**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ROBERT TRENT JONES II, INC. and ROBERT TRENT JONES LICENSING GROUP, LLC<br><br>               Plaintiffs,<br><br>        v.<br><br>GFSI, INC. d/b/a GEAR FOR SPORTS, INC.<br><br>               Defendant. | Case No. 07-CV-04913 SC<br><br>**DECLARATION OF MR. JIMMY D. KIDD IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: January 25, 2008<br>Time: 10:00 a.m.<br>Judge Samuel Conti |

**Declaration of Mr. Jimmy D. Kidd**

1. I am a licensed investigator employed by D & B Legal Services, Inc., located at 6005 Johnson Drive, Suite C, Mission, KS 66202. I have been employed at D & B Legal Services, Inc. for approximately two and half years. I have been a licensed investigator for approximately three years. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth herein.

2. On January 9, 2008, I contacted GFSI, Inc. d/b/a Gear for Sports, Inc.'s ("GFSI") corporate headquarters located at 9700 Commerce Parkway, Lenexa, Kansas 66219. The purpose of the telephone call was to inquire about GFSI's loading dock sale ("Dock Sale"). I was informed that the Dock Sale would occur later that evening between the hours of 4:00-7:00 p.m. at GFSI's corporate headquarters. I was also informed that the January 9, 2008 Dock Sale was for GFSI employees only. However, I was instructed to go to the Dock Sale anyway because there was a chance GFSI would allow me in. I was informed that the Dock Sale would take place at GFSI's loading dock, around the back of the building. I was also informed that the cost of the product for sale would range from $5.00-20.00.

3. At approximately 4:00 p.m., I arrived at GFSI's corporate headquarters. My daughter accompanied me to GFSI. We entered the loading dock area and I asked a first GFSI

employee about the Dock Sale that was supposed to take place at that location. The first GFSI employee stated that the Dock Sale was being held at the far east dock of the building.

4.  We arrived at the far east dock, but the interior door was locked so I rang the buzzer. A second GFSI employee arrived and asked whether we were GFSI employees and we told him that we were not. The second GFSI employee let us into the Dock Sale anyway.

5.  Once inside GFSI's warehouse, I saw a large quantity/variety of apparel housed in large boxes. The boxes were arranged in lines and marked with product descriptions including, for example, sweatshirts, sweatpants and pull-over tops. It is my understanding that all of the apparel in the warehouse was available for sale. There were roughly fifteen other people searching through the apparel contained in the boxes.

6.  Initially, I could not find any clothing branded with the Robert Trent Jones trademarks ("RTJ Apparel"). I asked a third GFSI employee that was searching through the boxes where the RTJ Apparel was located. The third GFSI employee pointed me in the direction of the RTJ Apparel.

7.  Approximately seven pieces of RTJ Apparel were hanging from a clothes rack. The rest of the RTJ Apparel was placed in a grocery cart in disarray.

8.  I asked a fourth GFSI employee if the RTJ Apparel located on the rack and in the grocery cart was the only RTJ Apparel available for sale. The fourth GFSI employee confirmed that it was. However, the fourth GFSI employee stated that when the Dock Sale is open to the public, there is usually additional RTJ Apparel for sale.

9.  During the time that I was at the Dock Sale, GFSI employees were continuously bringing out additional clothing for sale.

10. On January 9, 2008, I purchased eleven pieces of RTJ Apparel that had noticeable defects from GFSI's Dock Sale. That same day, I personally transferred the eleven pieces of RTJ Apparel to William J. Powell, the owner of D & B Legal Services, my employer.

11. On January 10, 2008, William J. Powell took photographs of the RTJ Apparel that I purchased from GFSI's Dock Sale. Attached as Exhibit 1 are true and accurate photographs of the RTJ Apparel that I purchased. The photographs show the noticeable defects and the Robert Trent Jones tags and labels that were fixed to the apparel at the time of purchase. Attached as Exhibit 2 is a true and correct copy of the receipt provided by GFSI for the purchase of the RTJ Apparel.

12. On January 10, 2008, William J. Powell shipped the RTJ Apparel via Federal Express for overnight delivery to Norvell IP, LLC, 1776 Ash Street, Northfield, IL 60093, attention Jay M. Burgett.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of January, 2008, in Mission, Kansas.

*Jimmy D Kidd*

Jimmy D. Kidd

Exhibit 1



















Exhibit 2

1-9-08
JWK

```
        GEAR  SOPRTS
HOME  OFFICE  STORE

01/09/2008        07:25

1022
CY53SCOM99        ¥2.00
10Pieces X 12.00
1115
RTJP             ¥120.00
_____

TAX TL            ¥9.21
_____

TOTAL
           ¥131.21
CASH TD          ¥200.00
CHANGE            ¥68.79

ITEM#               1

002147            #01B
```