IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT TRENT JONES II, INC. and ROBERT TRENT JONES LICENSING GROUP, LLC<br><br>                Plaintiffs,<br><br>   v.<br><br>GFSI, INC. d/b/a GEAR FOR SPORTS, INC.<br><br>                Defendant. | Case No. 07-CV-04913-SC<br><br>**DECLARATION OF TALIAFERRO JONES IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR ORAL HEARING**<br><br>**Judge Samuel Conti** |

1. My name is Taliaferro Jones also known as Elizabeth Taliaferro Jones or Tali Jones. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify on all matters set forth herein.

2. I have read the Court's Order dated February 4, 2008 ("Order"). The Order states that Mr. Larry Graveel testified at the January 24, 2008 Hearing on Plaintiffs' Motion for Preliminary Injunction that "… GFSI disclosed all of [the sales challenged by Plaintiffs] to Tali Jones, another RTJ2 executive, during regular meetings."

3. I am Tali Jones, and the foregoing statement is false.

4. Unfortunately, due to medical reasons, I was unable to attend this Hearing and testify as to my personal knowledge of Defendant GFSI, Inc.'s ("Defendant") sales to the stores at issue in the Motion for Preliminary Injunction. Mr. Graveel cannot testify to my knowledge. If I had been available, I would have testified to the following facts.

5. I am a Member and partial owner of the Robert Trent Jones Licensing Group LLC ("RTJ Licensing"). Since the execution of the License Agreement on September 22, 2004 between the RTJ Licensing and Defendant ("License Agreement"), I have been primarily responsible for the day to day contact with Defendant concerning Defendant's manufacture and sale of apparel bearing the Robert Trent Jones trademarks ("RTJ Apparel"). My responsibilities specifically include, among other things, approving or

disapproving proposed RTJ Apparel and marketing materials pursuant to the terms of the License Agreement. I have also attended annual apparel line reviews and meetings with GFSI on behalf of RTJ Licensing.

6. In connection with my responsibilities, during 2005 and 2006, I had regular email and phone contact with Defendant's representatives, and I attended various meetings and product reviews with Defendant's representatives. During these meetings, we discussed many aspects surrounding the business of RTJ Apparel, including discussions of customers, but I was not offered detailed information regarding all of Defendant's customers.

7. At no time prior to June 5, 2007, was I informed that Defendant was selling RTJ Apparel to The Golf Warehouse, Stein Mart, Hockabees, Gabriel Brothers, Syms, Neiman Marcus Last Call, and TJ Maxx. To the best of my knowledge, no other person or entity related to Plaintiffs was aware that Defendant was selling RTJ Apparel to the aforementioned stores.

8. Had Defendant informed me prior to June 5, 2007 that Defendant was selling to the stores listed in Paragraph 7, it would have immediately captured my attention, as I consider these stores to be "discount stores," to whom Defendant is not permitted to sell RTJ Apparel under the License Agreement. Selling apparel to these stores damages the goodwill and reputation associated with the Robert Trent Jones trademarks, and I cannot place a monetary value on this damage.

9. I have reviewed all of my files from the inception of the License Agreement through June 5, 2007, and I was unable to find any documents from Defendant, electronic or otherwise, informing me of sales to the aforementioned stores.

10. On June 5, 2007, I visited Defendant's facilities in Lenexa, Kansas. The purpose of the meeting, which occurred at Plaintiffs' request, was to offer support and encourage greater collaboration and interaction between RTJ Licensing and Defendant. Although I was previously informed that Defendant had no agenda for the June 5, 2007 meeting, during the meeting, Defendant shockingly informed me of its decision to discontinue the RTJ apparel line. During the meeting, I was provided with over sixty pages of information to support its decision, which included information on Defendant's sales of RTJ Apparel to many customers, ranging from green grass stores to discount stores like The Golf Warehouse, Neiman Marcus GF and Stein Mart. Although this document did reveal sales to The Golf Warehouse, Neiman Marcus GF and Stein Mart, I did not see

    this information, as I was more concerned with the shocking news regarding Defendant's decision to discontinue the RTJ Apparel line, and did not take the time to read all sixty pages. Now that I have taken the time to closely examine this document, I note that it contains no information on sales to Hockabees, Gabriel Brothers, Syms, or TJ Maxx.

11. In late June 2007, I received Defendant's Marketing, Distribution, Financial and Quality Plan ("2007 GFSI Plan"). In reviewing this document in late June 2007, I first became aware of Defendant's sales of RTJ Apparel to stores such as The Golf Warehouse and Stein Mart and that the top ten accounts for RTJ Apparel included sales to The Golf Warehouse and Stein Mart. The 2007 GFSI Plan failed to reveal any information on Defendant's sales to Hockabees, Gabriel Brothers, Syms, or TJ Maxx.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of February, 2008, in Toronto, Ontario, Canada.

_____

Taliaferro Jones a/k/a Elizabeth Taliaferro Jones a/k/a Tali Jones