Richard E. Levine (SB #88729)
LEVINE & BAKER LLP
One Maritime Plaza, Suite 400
San Francisco, CA 94111
Telephone: (415) 391-8177
Facsimile: (415) 391-8488
rlevine@levinebakerlaw.com

Joseph V. Norvell (*pro hac vice*)
Joseph T. Kucala (*pro hac vice*)
Jay M. Burgett (*pro hac vice*)
NORVELL IP LLC
1776 Ash Street
Northfield, IL 60093
Telephone: (847) 809-2212
Facsimile: (312) 268-5063
jkucala@norvellip.com

Attorneys for Plaintiffs
ROBERT TRENT JONES II, INC.
ROBERT TRENT JONES LICENSING GROUP, LLC

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ROBERT TRENT JONES II, INC. and ROBERT TRENT JONES LICENSING GROUP, LLC<br><br>Plaintiffs,<br><br>v.<br><br>GFSI, INC. d/b/a GEAR FOR SPORTS, INC.<br><br>Defendant. | **Case No. 07-CV-04913-SC**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER TO MEDIATE**<br><br>**HEARING: MARCH 21, 2008**<br>**10:00 A.M.**<br>**COURTROOM 1**<br>**JUDGE SAMUEL CONTI** |

Pursuant to Local Rule 7-3 of the Northern District of California, Plaintiffs, Robert Trent Jones II, Inc. and Robert Trent Jones Licensing Group, LLC (collectively, "Plaintiffs"), hereby oppose Defendant's Motion to Vacate Order To Mediate for the reasons set forth below.

**Introduction**

In opposing this motion, Plaintiffs are not suggesting that the parties should not continue their attempts to reach agreement without mediation. This is precisely what Plaintiffs have been attempting to do – and the parties have, only now, begun to do. No one would be happier than Plaintiffs should mediation prove unnecessary. But the removal of a mediation deadline (which is what Defendant seeks here) will NOT increase the likelihood that these parties reach a settlement. It will decrease that likelihood. It will take the pressure off and the pressure should be left on.

As the Court is well aware, the Northern District of California is regarded as a leader in the arena of alternative dispute resolution. Defendant's motion seeks to tarnish this well-deserved reputation, and is contrary to the Court's ADR Multi-Option Program, which requires Defendant to participate in one non-binding ADR Process.

If the Court grants Defendant's motion, it will sanction Defendant's continued avoidance of genuine settlement talks, and increase the likelihood that the parties and the Court will have to bear the expense and inconvenience of a lengthy trial. Also, Defendant's current motion does not relieve the parties of their obligations under the ADR Multi-Option Program and only seeks to relieve the requirement to mediate by March 18, 2008. The very presence of a deadline by which the parties must conduct mediation provides a timeline for settlement discussions and pressures the parties to continue with those discussions. Moreover, Defendant's motion is contrary to Defendant's prior court filings and statements, and it is only after the Court's Order denying Plaintiffs' Motion for Preliminary Injunction that Defendant decided it no longer desired mediation. Likewise, Defendant's concern about costs is inconsistent with its simultaneous attempts to schedule multiple depositions of Plaintiffs in San Francisco, Chicago and Toronto.

Last, Defendant's motion is procedurally flawed and ignores the requirements set forth in the Local Rules, including Local Rule 7-2(a), which requires 35 days prior notice.

As set forth more fully below, Defendant's motion should be denied.

1. **Defendant's Motion Seeks to Tarnish the Northern District of California's Longstanding Reputation as a Leader in Alternative Dispute Resolution and is Contrary to the Local Rules.**

As the Court is well aware, the Northern District of California is regarded as a leader in the arena of alternative dispute resolution and affords parties multiple options to pursue a resolution prior to trial.  The Northern District's Dispute Resolution Procedures Handbook ("Handbook") states "It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly and efficiently as possible."  (Handbook, p. 2).  Local Rule 16-8(a) states "It is the policy of this Court to assist parties involved in civil litigation to resolve their disputes in a just, timely and cost-effective manner."  (Local Rule 16-8(a)).  The Handbook further identifies that an ADR neutral can: "help parties engage in productive dialogue, help each party understand the other side's views and interests, communicate views or proposals in more palatable terms, gauge the receptiveness to proposals, help parties realistically assess their alternatives to settlement, and help generate creative solutions." (Handbook, p. 22).  As set forth in ADR Rule 6-1, "[t]he mediator improves communication across party lines, helps parties articulate their interests and understand those of their opponent, probes the strengths and weaknesses of each party's legal positions, identifies areas of agreement and helps generate options for a mutually agreeable resolution to the dispute."  (ADR Rule 6-1).

If the Court grants the Defendants' motion, the result will be contrary to the Court's stated policy of assisting parties in resolving their disputes as well as the ADR rules that make it clear that a mediator helps facilitate settlement.

**2. The ADR Multi-Option Program Requires Defendant to Participate in One Non-binding ADR Process Offered by the Court, and Defendant's Untimely Motion Does Not Alter This Requirement.**

After the complaint in this lawsuit was filed, the Court referred this case to the ADR Multi-Option Program. (Docket No. 2). In fact, as stated in the Handbook, most civil cases are assigned to the ADR Multi-Option Program. (Handbook, p. 20). The ADR Multi-Option Program requires litigants to participate in one non-binding ADR process offered by the Court. (ADR Local Rule 3-2). Defendant failed to timely challenge or seek relief from this referral to the ADR Multi-Option Program, as detailed under ADR Local Rule 3-3(c). Instead, Defendant stipulated to conduct mediation as the selected ADR process.

Moreover, Defendant's present motion merely seeks to vacate the Court's December 19, 2007 Order referring the case to mediation, which was based upon the parties' Stipulation filed on December 18, 2007. (Docket Nos. 30 & 32). Even if the Court granted Defendant's requested relief, the parties remain bound by the September 21, 2007 Order assigning this case to the ADR Multi-Option Program and the associated ADR rules requiring the parties to participate in one non-binding ADR Process. (Docket No. 2; ADR Local Rule 3-2). Therefore, Defendant's present Motion is flawed and does not eliminate the requirement that the parties comply with their obligations under the ADR Multi-Option Program.

**3. Defendant's Motion is in Direct Contravention to Defendant's Prior Filings and Statements to the Court.**

During the initial ADR discussions in late 2007, Defendant expressed its desire to engage in mediation to resolve this lawsuit. On December 18, 2007, after a telephone conference on ADR, the parties encapsulated this desire by filing the Stipulation and [Proposed] Order Selecting ADR Process. (Docket No. 30). Defendant agreed that mediation was the appropriate ADR Process, and the stipulation was signed by Defendant's attorney. (*Id.*). On December 19,

2007, this Court issued its Order referring the case to mediation, and the parties were to conduct the mediation by March 18, 2008.  (Docket No. 32).  In fact, during the January 24, 2008 hearing before the Court, Defendant had the opportunity to indicate that it no longer desired to conduct mediation, but Defendant failed to object to the Order to Mediate at that time.  Until the present motion, Defendant did not ask the Court to reconsider this Order.

It was not until February 12, 2008, after the Court's Order denying Plaintiffs' Motion for Preliminary Injunction, that Defendant suddenly decided it no longer desired mediation.  (Jones ¶ 6).  Defendant should not be permitted to avoid its prior commitments to seek an amicable resolution to this dispute.   Granting Defendant's motion simply guarantees that this case will go to trial, without the opportunity to settle with the aid of an unbiased neutral.

**4. Defendant has Avoided Legitimate Settlement Talks Since this Dispute Arose, and Granting Defendant's Motion Will Sanction Defendant's Avoidance of Legitimate Settlement Talks.**

Prior to initiating the present lawsuit, Plaintiffs sought to resolve the dispute between the parties amicably and made repeated settlement overtures to Defendant to this effect.  (Declaration of Robert Trent Jones, Jr. ("Jones") ¶¶ 2-5).  The parties met on July 17, 2007, in an attempt to resolve the matter, but the parties were unable to come to an acceptable resolution.  (*Id*. at ¶ 2).  The meeting was abruptly ended when Defendant's President, Mr. Larry Graveel, and Defendant's attorney walked out of the meeting without notice and declined to engage in any discussion of a settlement proposal. (*Id*.).  Throughout the next month, Plaintiffs made repeated settlement overtures to Defendant and its Board of Directors in an attempt to amicably resolve the dispute.  (*Id*. at ¶ 3).  Such attempts were rebuffed consistently.  (*Id*.).  Even upon filing the Complaint, Plaintiffs' counsel advised Defendant's counsel that Plaintiffs wanted to resume settlement discussions "sparing both sides the substantial cost and distraction of litigation."  (*Id*.

¶ 4, Ex. A). Defendant chose to simply file its Answer and failed to respond to these settlement overtures. (*Id.*). Granting the instant motion will merely sanction Defendant's continued avoidance of legitimate settlement talks.

**5. Defendant Offers No Legitimate Basis for the Court to Vacate Its Order to Mediate.**

Defendant based its motion to vacate upon two grounds: (1) Defendant believes that mediation will merely add to its costs and will not materially advance the likelihood of settlement; and (2) Defendant does not believe that the mediation will be helpful. Defendant's assertions are incorrect and insufficient for the Court to vacate its Order to Mediate.

**a. Mediation Will Not Add Substantial Costs to Defendant.**

First, Defendant's claim that mediation will only add to its costs is without merit. Defendant seeks the deposition testimony of Mr. Robert Trent Jones, Jr. and such deposition will take place in San Francisco during the week of March 17th. As Defendant's counsel will travel to San Francisco for this deposition, Defendant will incur little additional travel costs to conduct this mediation during the week of March 17th. In addition, Mr. Samuel Miller, the mediator appointed by the Court, agreed to waive his fees for his services to conduct a one-day mediation session. Defendant was aware of Mr. Miller's agreement to waive his fees prior to filing its motion, but failed to inform the Court of this fact.

Moreover, Plaintiffs are willing to conduct mediation in Chicago, a short commuter flight from Kansas City, if Defendant believes such a location is more convenient. (Jones ¶ 8). Plaintiffs also are willing to pay for the costs of the mediator to travel from San Francisco to Chicago for such mediation. Plaintiffs' counsel consulted with Mr. Miller regarding his availability and Mr. Miller is willing to conduct the mediation in Chicago on March 19th. As a result, Defendant's concern about costs is unfounded, and Plaintiffs are willing to offset any such

cost to Defendant other than Defendant's attorneys' fees, which will be insubstantial compared to the cost of completing discovery, let alone going through trial. Indeed, it is ironic that, just five days prior to filing the instant motion, Defendant's counsel sent an email to Plaintiffs' counsel requesting dates for at least three depositions, which will certainly be more expensive than mediation.

### b. Mediation is Beneficial to the Parties and May Bring About an Amicable Resolution.

Second, contrary to Defendant's assertion, it is clear that the parties would benefit from a mediation conducted by a neutral third party. While Plaintiffs are optimistic that settlement discussions will continue, Defendant's apparent lack of interest in settlement discussions indicates that this may be unrealistic. As detailed in the Declaration of Mr. Jones, Plaintiffs have consistently made settlement overtures to Defendant in an attempt to resolve this matter, even prior to the filing of the Complaint in this action. (Jones ¶¶ 2-5). In fact, most of Plaintiffs' settlement overtures resulted in no response from Defendant. (*Id*.). Unless the Court maintains its Order to Mediate, Plaintiffs are concerned that Defendant will simply chose to not conduct further settlement discussions. Plaintiffs believe the parties will benefit from mediation and such mediation would serve to bring the parties closer to a resolution. (Jones ¶ 7).

Defendant states that "both parties are well-represented, non-emotional and fully understand the risks and potential advantages of continued litigation as well as potential liabilities and costs." (Docket No. 54, ¶ 5). This broad characterization equally applies to the majority of parties involved in federal district court civil actions and many civil litigants find value in mediation. In fact, because the parties are well-represented and fully understand the risks, benefits and costs associated with continued litigation, it would be helpful for a third party,

such as Mr. Miller, to facilitate settlement discussions between the parties and bring the parties to an amicable resolution.

Finally, the Court's recent scheduling Order has placed this litigation on a fast track towards trial. (Docket No. 53). As a result, it would be beneficial for both parties to conduct a face-to-face settlement discussion prior to spending considerable amounts of time and money in discovery and in preparation for trial. In fact, Plaintiffs recently offered to conduct face-to-face settlement discussions with Defendant, even in the absence of a third party mediator. (Jones ¶ 6, Ex. B). Defendant declined such a request. (*Id*.). Defendant's current motion is therefore nothing more than an attempt to avoid open settlement discussions with Plaintiffs and fails to provide any support for the claims contained therein.

**6. Defendant's Motion is Procedurally Flawed and Fails to Adhere to the Local Rules.**

Defendant filed its Motion to Vacate Order to Mediate on February 26, 2008. Defendant noticed a hearing on this motion for March 21, 2008 (although it requested that the motion be ruled on without oral argument). Defendant failed to properly notice this motion in accordance with Local Rule 7-2(a), which requires "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." (Local Rule 7-2(a)). In addition, Defendant's motion failed to include a Proposed Order, as is required under Local Rule 7-2(c), despite indicating that such an Order was attached to its motion. (Local Rule 7-2(c)). Finally, Defendant's motion failed to include any affidavits or declarations supporting the assertions contained therein, as required under Local Rule 7-2(d). (Local Rule 7-2(d)). As a result, Plaintiffs request that Defendant's motion be stricken due to its failure to comply with the Local Rules.

**Conclusion**

Based upon the foregoing, Plaintiffs respectfully request that the Court deny Defendant's Motion to Vacate Order to Mediate. Plaintiffs continue to believe the parties will benefit from the experience of a skilled mediator. Plaintiffs' proposals contained herein offset any cost impact to Defendant in conducting the mediation.

Respectfully submitted,

Dated:  February 29, 2008            _____
Richard E. Levine (SB #88729)
LEVINE & BAKER LLP
One Maritime Plaza, Suite 400
San Francisco, CA  94111
Telephone:  (415) 391-8177
Facsimile: (415) 391-8488
rlevine@levinebakerlaw.com

Joseph V. Norvell (*pro hac vice*)
Joseph T. Kucala (*pro hac vice*)
Jay M. Burgett (*pro hac vice*)
NORVELL IP LLC
1776 Ash Street
Northfield, IL  60093
Telephone:  (847) 809-2212
Facsimile:  (312) 268-5063
jkucala@norvellip.com

Attorneys for Plaintiffs

ROBERT TRENT JONES II, INC.
ROBERT TRENT JONES LICENSING GROUP, LLC