IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT TRENT JONES II, INC. and ROBERT TRENT JONES LICENSING GROUP, LLC<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GFSI, INC. d/b/a GEAR FOR SPORTS, INC.<br><br>　　　　　　Defendant. | Case No. 07-CV-04913-SC<br><br>**DECLARATION OF ROBERT TRENT JONES, JR. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER TO MEDIATE** |

1. My name is Robert Trent Jones, Jr. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth herein.

2. I believe that reasonable parties should be able to resolve disputes without resort to litigation. Upon learning of Defendant's breaches of the License Agreement executed between Defendant and Plaintiff, Robert Trent Jones Licensing Group, LLC ("RTJ Licensing"), RTJ Licensing attempted to resolve this matter with Defendant. Specifically, the parties met on July 17, 2007, in an attempt to resolve the matter, but the parties were unable to come to an acceptable resolution. The meeting was abruptly ended when Defendant's President, Mr. Larry Graveel, and Defendant's attorney walked out of the meeting without notice and declined to engage in any discussion of a settlement proposal.

3. Throughout the next month, RTJ Licensing made repeated settlement overtures to Defendant and its Board of Directors in an attempt to amicably resolve the dispute, but Defendant failed to respond substantively.

4. On September 21, 2007, Plaintiffs reluctantly filed a complaint against Defendant related to Defendant's breaches of the License Agreement. Plaintiffs' attorney sent a letter to

**DECLARATION OF ROBERT TRENT JONES, JR. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER TO MEDIATE**

Defendant's attorney advising Defendant of the complaint and reminding Defendant of Plaintiffs' prior attempts to resolve this matter. The letter clearly indicates Plaintiffs' desire to resume settlement discussions "sparing both sides the substantial cost and distraction of litigation." A true and correct copy of the letter is attached hereto as Exhibit A. Once again, Defendant did not respond to these settlement overtures.

5. Between the filing of the complaint and February 12, 2008, Defendant did not make any substantive settlement offer, despite Plaintiffs' continued indications that it was open to settlement.

6. It was not until February 12, 2008 that Defendant made its first written settlement proposal. Plaintiffs promptly and substantively responded on February 22, 2008, and Plaintiffs offered to meet Defendant and its counsel on Monday March 3, 2008 in Chicago in a face-to-face meeting in an attempt to resolve this litigation. Defendant declined the proposal for a face-to-face meeting, and, as of the signing of this declaration, Defendant have not responded substantively. Attached as Exhibit B is a true and correct copy of an email from Defendant's counsel declining the face to face settlement meeting.

7. On December 13, 2007, I, on behalf of Plaintiffs, executed the ADR Certification required by the Northern District of California. Upon executing the ADR Certification, Plaintiffs believed that this pending litigation would benefit from mediation. Plaintiffs maintain this belief and continue to desire for the parties to conduct mediation.

8. I have read Defendant's Motion to Vacate Order to Mediate filed with this Court on February 26, 2008. I understand that Defendant is concerned about the costs associated with mediation. In order to minimize all costs associated with the mediation, including both time and money, Plaintiffs are willing to conduct the mediation in Chicago, a short commuter flight from Kansas City.

**DECLARATION OF ROBERT TRENT JONES, JR. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER TO MEDIATE**

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 29th day of February, 2008, in Ft. Lauderdale, Florida.

*Robert Trent Jones J*
Robert Trent Jones, Jr.

**DECLARATION OF ROBERT TRENT JONES, JR. IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDER TO MEDIATE**

# Exhibit A

LEVINE & BAKER LLP
ATTORNEYS AT LAW
ONE MARITIME PLAZA, SUITE 400
SAN FRANCISCO, CA 94111
www.levinebakerlaw.com

RICHARD E. LEVINE
TEL: (415) 391-8177
FAX: (415) 391-8488

September 26, 2007

VIA ELECTRONIC MAIL (*lswain@stklaw.com*)
(*Confirmation Copy via UPS Next Day Air*)

Mr. Larry Swain, Esq.
Shughart Thomson & Kilroy
32 Corporate Woods
9225 Indian Creek Pkwy, Suite 1100
Overland Park, KS  66210

Re:  **Robert Trent Jones Apparel License Agreement**

Dear Mr. Swain:

As you have been advised by Joe Norvell, Robert Trent Jones Licensing Group, LLC, and Robert Trent Jones II, Inc., have initiated an action against GFSI, Inc., in the United States District Court for the Northern District of California.  I enclose herewith a file stamped copy of the complaint for your reference.

Robert Trent Jones Licensing Group filed this action reluctantly.  As you know, we have attempted, for some months, to reach a reasonable, business accommodation with GFSI, but have not seen a reciprocal effort by GFSI.  When Robert Trent Jones invited GFSI to California for a face-to-face settlement discussion, GFSI walked out during the meeting.  On July 30th, you sent an email to Joe Norvell acknowledging that GFSI owes RTJ responses to several questions, including a revised Business Plan, but we heard nothing further.  On August 9th, you and Joe discussed whether an agreement regarding the present value of the guaranteed royalties might move the parties toward a resolution of the dispute.  Joe responded with proposed present value figures for GFSI's consideration on that same day.  We did not hear back from GFSI regarding this communication. On September 10th, you stated that GFSI would promptly respond to our request for additional information surrounding the audit on GFSI.  However, we have not received the information requested for the audit.  Unfortunately, GFSI's continuing failure to respond to our efforts to move negotiations forward has compelled us to conclude that, for reasons unknown to us, GFSI is unwilling to engage further with us.  We were, thus, left with no alternative to litigation.  As you know, the issues between our two clients are substantial, as are the amounts which must be adjusted, one way or another.

We want GFSI to understand that, notwithstanding the filing of the action, Robert Trent Jones Licensing Group continues to prefer negotiation to litigation, and remains ready to resume discussions when and if GFSI is prepared to engage in a business-like process.  Indeed, it is our hope that GFSI chooses to do so soon, thus sparing both sides the substantial cost and distraction of litigation.   Should GFSI choose to continue its course of refusing engagement, however, our client is prepared to litigate this matter to resolution, and is confident of the merits of its claims, including reimbursement of its attorneys' fees.

September 26, 2007
Page 2 of 2

We look forward to your client's response.

Very truly yours,


Richard E. Levine

# Exhibit B

| | |
|---|---|
| From: | Hoffman, Robert J. |
| To: | Joseph V. Norvell; |
| Subject: | RE: RTJ v GFSI |
| Date: | Wednesday, February 27, 2008 9:19:30 PM |

Joe:

I appreciate the offer. I think that we should be able to make progress without the need for a face-to-face meeting. I have depositions all day on March 3, in any event, so please don't hold that date on your own calendar or on Mr. Jones'. I expect to get back to you shortly with a specific response to your proposal. Thanks,
Bob Hoffman

Sent by GoodLink (www.good.com)


 -----Original Message-----
From:   Joseph V. Norvell [mailto:jnorvell@norvellip.com]
Sent:   Wednesday, February 27, 2008 07:46 PM Eastern Standard Time
To:     Hoffman, Robert J.
Cc:     'Rick Levine'; jburgett@norvellip.com; 'Joe Kucala'; Mehta, Tarun
Subject:        RTJ v GFSI

Bob,

Further to my voice mail yesterday morning, if GFSI is interested in meeting with Robert Trent Jones in person to continue settlement discussions as proposed in my letter of February 22nd, Bob can be in Chicago on Monday, March 3rd.  Please let us know if GFSI is interested in meeting Monday.

Thanks,
Joe Norvell



Joseph V. Norvell, Esq.

Norvell IP  llc

Intellectual Property Attorneys


1776 Ash Street

Northfield, Illinois 60093

Direct  (847) 809-2212

Fax     (312) 268-5063

jnorvell@NorvellIP.com

 <http://www.NorvellIP.com> http://www.NorvellIP.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.