**BRYAN CAVE LLP**
Jennifer A. Jackson (SBN 192998)
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:    (310) 576-2100
Facsimile:     (310) 576-2200
jjackson@bryancave.com

**BRYAN CAVE LLP**
Robert J. Hoffman (*Pro Hac Vice*)
Tarun Mehta (*Pro Hac Vice*)
3500 One Kansas City Place
1200 Main Street
Kansas City, Missouri  64105
Telephone:    (816) 374-3200
Facsimile :    (816) 374-3300

Attorneys for Defendant
GFSI, INC. d/b/a GEAR FOR SPORTS, INC.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ROBERT TRENT JONES II, INC., and ROBERT TRENT JONES LICENSING GROUP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GFSI, INC. d/b/a GEAR FOR SPORTS, INC.,<br><br>Defendant. | Case No. C07-04913-SC<br><br>**DEFENDANT GFSI, INC.'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIM**<br><br>**Date:  May 23, 2008**<br>**Time: 10 a.m.**<br>**Judge: Samuel Conti**<br>**Courtroom 1** |

KC01DOCS\900171.1

MOTION FOR LEAVE TO AMEND ANSWER

Pursuant to Federal Rules of Civil Procedure 13(f) and 15(a), Defendant GFSI, Inc., d/b/a Gear For Sports, Inc. ("GFSI") submits the following Motion to Amend their Answer with these Points and Authorities in response to the Complaint filed by Plaintiffs Robert Trent Jones II, Inc., and Robert Trent Jones Licensing Group, LLC (collectively, "Plaintiffs"), and states in support of such Motion the following:

## I.     INTRODUCTION

Plaintiffs filed their Complaint in this matter on September 21, 2007, and served GFSI on October 12, 2007. GFSI filed its answer on November 1, 2007. Plaintiffs then filed a Motion for a Preliminary Injunction on December 3, 2007, for which a hearing was held on January 24, 2008.

Based on the matters attested to at the hearing, and information obtained since GFSI's answer was filed, GFSI has learned new information that merits the filing of an amended answer along with a counterclaim. Specifically, GFSI has reason to believe that Plaintiffs became weary of their business relationship with GFSI and therefore unreasonably withheld their consent to sell RTJ Apparel to certain stores in order to leverage a better deal with them when dissolving the business relationship. By insisting that GFSI cannot sell to certain stores such as Stein Mart, Syms Corporation and TJ Maxx, Plaintiffs acted in bad faith in violation of their implied duty of good faith and fair dealing, thereby breaching the contract they had with GFSI. GFSI therefore seeks leave to file an amended answer with a counterclaim for breach of contract. GFSI's counsel has notified opposing counsel in writing of their intent to file this motion for leave and asked whether

they would file an opposition, but have yet to hear from opposing counsel. A copy of the amended answer is attached as Exhibit A.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice requires." Fed. R. Civ. P. 15(a). "Courts have been quite liberal in granting leave to amend under Fed. R. Civ. P. 15(a) and 13(f)." *Cooper Dev. Co. v. Employers Ins. of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991). Indeed, leave to amend "should be denied only when there is a showing of undue delay, bad faith, futility of amendment, or prejudice to the opposing party." *Id*, citing *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (emphasis supplied). "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Id* (internal quotations omitted).

## III. ANALYSIS

GFSI's Motion for Leave to Amend its Answer and assert a Counterclaim should be granted because there has been no undue delay, nor bad faith demonstrated, and the Counterclaim will not prejudice Plaintiffs nor is it futile. The proceedings have only just begun. Moreover, the basis for GFSI's counterclaim derives, in large part, on the testimony of Robert Trent Jones from the hearing on Plaintiffs' Motion for a Preliminary Injunction that only occurred on January 24, 2008. At that hearing Robert Trent Jones' testimony demonstrated that he did not know what a "discount store" really was. At one point in the hearing Plaintiffs' counsel was asked whether Macy's Department Store was a "discount store" and Plaintiffs' counsel responded at first that they did not know, and then changed their mind and said that it was not a discount store. These actions at the hearing prove what GFSI has already suspected: Plaintiffs' prevented GFSI

from selling to certain stores in bad faith, not truly believing those stores to be discount stores. Hence, Plaintiffs actions in preventing GFSI from selling their clothing to Stein Mart, Syms Corporation and TJ Maxx were all done in bad faith and not because those stores are "discount stores". Indeed, as is now obvious, Plaintiffs cannot tell what a discount store is—they have only used that term as a sword to bludgeon the profits of GFSI by precluding GFSI from selling to certain stores in an attempt to diminish GFSI's profits.

These actions by Plaintiffs demonstrate that Plaintiffs failed to act within their duty of good faith and fair dealing when they asserted that GFSI was selling to "discount stores" without actually being able to define "discount stores". GFSI should therefore be able to amend its Answer to assert a Counterclaim to assert such claim.

## CONCLUSION

For the reasons outlined above, this Court should grant GFSI's Motion to Amend its Answer and Assert a Counterclaim against Plaintiffs.

Respectfully submitted,

**BRYAN CAVE LLP**
Jennifer A. Jackson
Robert J. Hoffman
Tarun Mehta


By:  s/Tarun Mehta
        Tarun Mehta
Attorneys for Defendant
GFSI, INC. d/b/a GEAR FOR SPORTS, INC.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# **PROOF OF SERVICE**

I am employed in the County of Jackson, State of Missouri. I am over the age of 18 and not a party to the within action. My business address is 1200 Main Street, Suite 3500, Kansas City, MO 64105.

On March 14, 2008, I served DEFENDANT'S MOTION FOR LEAVE FOR TO FILE AN AMENDED ANSWER AND COUNTERCLAIM**,** on each interested party in this action, as follows:

| | |
|---|---|
| Richard Levine<br>Levine & Baker<br>One Maritime Plaza, Suite 400<br>San Francisco, CA 94111 | *Attorneys for Plaintiff*<br>Tel: 415-391-8177<br>Fax: 415-391-8848<br>Email: relevine@levinebakerlaw.com |
| Joseph V. Norvell (pro hac vice)<br>Joseph T. Kucala (pro hac vice)<br>Jay M. Burgett ( pro hac vice)<br>Norvell IP llc<br>1776 Ash Street<br>Northfield, IL 60093 | *Attorneys for Plaintiff*<br>Tel: 630-453-8380<br>Fax: 312-268-5063<br>Email: jkucala@norvellip.com |

☐ (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Kansas City, Missouri. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ (BY E-MAIL) I caused a true copy of the foregoing document to be served by e-mail transmission at the time shown on each transmission, to each interested party at the e-mail address shown above. Each transmission was reported as complete and without error.

Executed on _____, 2008, at Kansas City, Missouri.

☐ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of Missouri that the foregoing is true and correct.


   s/Lisa Deacy